# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DR. SHIVA AYYADURAI<br><br>*Plaintiff,*<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts;<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; and<br><br>HARMEET K. DHILLON, in her official capacity as Assistant Attorney General for the Civil Rights Division.<br><br>*Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983 AND 5 U.S.C. § 706

Plaintiff Dr. Shiva Ayyadurai, appearing Pro Se, brings this action against Defendant William Francis Galvin, in his official capacity as the Secretary of the Commonwealth of Massachusetts, Defendant Acting United States Attorney General Todd Blanche, and Defendant Assistant Attorney General Harmeet K. Dhillon, to halt the ongoing, systematic administrative destruction of mandatory federal election records - specifically electronic digital ballot images - and to compel enforcement of federal law to preserve the integrity of the upcoming November 2026 federal election.

1

**PRELIMINARY STATEMENT**

1. This is a civil rights and administrative action arising under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and the Administrative Procedure Act (APA), 5 U.S.C. § 706.

2. Defendant Galvin has explicitly admitted under penalty of perjury in state-level proceedings that Massachusetts systematically configures its optical scan voting tabulators to disable image-saving capabilities, thereby intercepting and auto-deleting digital ballot images. This administrative protocol flatly violates the mandatory 22-month federal retention mandate under 52 U.S.C. § 20701.

3. On July 16, 2026, a Single Justice of the Massachusetts Appeals Court formally denied interlocutory emergency relief (Docket No. 2026-J-0633) – Exhibit A - confirming that state court remedies are completely exhausted and leaving Plaintiff with no adequate remedy at state law.

4. Despite being put on direct, formal 48-hour notice of this active data destruction via written administrative demand on July 1, 2026, Defendant Blanche and Defendant Dhillon have completely failed to act. This knowing failure constitutes arbitrary and capricious agency inaction, allowing a state actor to wipe the digital trail necessary to verify a federal election. The Defendant Galvin knowingly tabulates ballot images to certify a federal election, then deflects that retaining paper ballots is sufficient for verification of the electronic tabulation process. Plaintiff, an active Independent candidate for the U.S. Senate, is left with no adequate remedy at law to protect his constitutional right to a transparent, verifiable vote count.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 5 U.S.C. § 702 (APA).

6. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b) because Defendant Galvin maintains his official office within this district and the ongoing destruction of data occurs across this commonwealth.

## THE PARTIES

7. Plaintiff Dr. Shiva Ayyadurai holds four degrees from the Massachusetts Institute of Technology (MIT), including a Ph.D. in systems engineering. Plaintiff, an active Independent candidate for the United States Senate in Massachusetts, and as of July 8, 2026 has acquired more than 10,000 certified signatures  - see Exhibit B - to be the **first candidate** on the ballot for the United States Senate in Massachusetts, and in the November 2026 federal election cycle.

8. Defendant William Francis Galvin is the Secretary of the Commonwealth of Massachusetts and serves as the Chief Election Officer. He is sued in his official capacity.

9. Defendant Todd Blanche is the Acting Attorney General of the United States and head of the Department of Justice. He is sued in his official capacity.

10. Defendant Harmeet K. Dhillon is the Assistant Attorney General for the Civil Rights Division of the Department of Justice, overseeing the Voting Section. She is sued in her official capacity

## COUNT I

3

Deprivation of Due Process and Equal Protection (42 U.S.C. § 1983) Against Defendant Galvin

11. Plaintiff incorporates all prior paragraphs by reference.

12. Under the Fourteenth Amendment, a qualified federal candidate has a constitutionally protected interest in a fair, transparent, and verifiable election.

13. Defendant Galvin's administrative command to turn "OFF" image-saving capabilities deliberately destroys the primary electronic record generated during ballot tabulation. This active destruction of data prevents any meaningful audit or verification of the vote counts, depriving Plaintiff of Due Process and Equal Protection under the law by rendering the election entirely unverifiable.

## COUNT II

Arbitrary and Capricious Agency Inaction (5 U.S.C. § 706) Against Defendants Blanche and Dhillon

14. Plaintiff incorporates all prior paragraphs by reference.

15. Under 52 U.S.C. § 20701, Congress established a non-discretionary federal criminal mandate that all records and papers relating to an act requisite to voting in a federal election must be preserved for 22 months.

16. Because state courts have ruled that individual citizens cannot enforce this statute, the federal defendants hold an absolute enforcement monopoly.

17. Defendants Blanche and Dhillon's ongoing failure to issue a standard, statewide preservation notice to Defendant Galvin, despite possessing indisputable evidence of ongoing election data

4

destruction and being served with a formal 48-hour demand, constitutes agency action unlawfully withheld and is arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act (APA).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Enter a Temporary Restraining Order and Preliminary Injunction enjoining Defendant Galvin from configuring optical scan tabulators to disable image-saving capabilities;

B. Compel Defendants Blanche and Dhillon to execute their non-discretionary federal statutory mandate by issuing an immediate enforcement and record-preservation directive to the Commonwealth of Massachusetts for the 2026 election cycle;

C. Enter a Declaratory Judgment stating that electronic digital ballot images constitute federal election records under 52 U.S.C. § 20701.

Dated: July 21, 2026

Respectfully submitted,

*Shiva Ayyadurai*

**Dr. Shiva Ayyadurai** *Petitioner, Pro Se*
701 Concord Avenue
Cambridge, MA 02138
E: vashiva.com@cytosolve.com

5