**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DR. SHIVA AYYADURAI<br><br>*Plaintiff,*<br><br>*v.*<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts;<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; and<br><br>HARMEET K. DHILLON, in her official capacity as Assistant Attorney General for the Civil Rights Division.<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION**

This action seeks declaratory and prospective injunctive relief concerning the preservation of federal election records for the November 2026 federal election.

Plaintiff, an active Independent candidate for the United States Senate in Massachusetts, has acquired more than 10,000 certified signatures to be on the ballot for the United States Senate in Massachusetts for the November 2026 federal election cycle **(See Exhibit B)**. He alleges that the Secretary of the Commonwealth has adopted an administrative practice of configuring electronic voting tabulators so that digital ballot images generated during the tabulation process are not

1

retained. Plaintiff contends that these images are records relating to acts requisite to voting within the meaning of 52 U.S.C. § 20701 and therefore must be preserved for twenty-two months following a federal election.

Before filing this action, Plaintiff sought emergency relief in the Massachusetts Superior Court through a petition for writ of mandamus and a preliminary injunction. The Superior Court denied emergency relief and subsequently entered a civil tracking order placing the matter on an ordinary litigation schedule with a projected resolution date extending well beyond the November 2026 election. The court also concluded that private parties could not enforce 52 U.S.C. § 20701 in that proceeding, reasoning that enforcement authority rests with the United States Department of Justice. On July 16, 2026, a Single Justice of the Massachusetts Appeals Court formally denied interlocutory emergency relief (Docket No. 2026-J-0633) **(See Exhibit A)**, confirming that state court remedies are completely exhausted and leaving Plaintiff with no adequate remedy at state law.

Plaintiff alleges that, absent prompt judicial intervention, the electronic records at issue will not be preserved during the 2026 federal election cycle. If those records are not retained when the election occurs, subsequent judicial proceedings will be unable to provide effective relief because the records cannot be recreated after their destruction. Plaintiff therefore seeks prospective equitable relief before the election occurs.

In support thereof, Plaintiff states as follows:

1. Plaintiff commenced proceedings in the Massachusetts Superior Court seeking a writ of mandamus and preliminary injunctive relief requiring preservation of electronic ballot images during the 2026 federal election cycle.

2. On June 22, 2026, the Superior Court denied Plaintiff's request for emergency injunctive relief and concluded that Plaintiff could not enforce 52 U.S.C. § 20701 in that action because enforcement authority was vested in the United States Department of Justice.

3. The Superior Court thereafter placed the case on its ordinary civil litigation track with a projected resolution extending beyond the November 2026 federal election. Plaintiff alleges that, under this schedule, any determination concerning preservation of the challenged records would likely occur after the election has concluded and after the records at issue may already have been destroyed.

4. Plaintiff timely filed an Emergency Petition for Interlocutory Review requesting expedited review and immediate injunctive relief on the ground that the ordinary litigation schedule would not permit effective judicial review before the alleged destruction of the disputed records.

5. Plaintiff also provided written notice to officials within the United States Department of Justice requesting federal action concerning preservation of election records. Plaintiff alleges that no preservation directive or comparable relief has been issued following that request.

6. On July 16, 2026, the Massachusetts Appeals Court officially denied the Emergency Petition for Interlocutory Review (Docket No. 2026-J-0633) **(See Exhibit A)**, formally exhausting all available avenues for emergency relief in the state court system.

**Emergency Relief Is Necessary**

Emergency relief is requested because the alleged injury is time-sensitive and tied to the administration of the November 2026 federal election.

3

1. Likelihood of Success on the Merits: The technical and statutory facts are clear. Under 52 U.S.C. § 20701, federal law commands the non-discretionary retention and preservation of all election records. Defendant Galvin has admitted on the record that he actively commands local officials to turn "OFF" the data-retention features that save digital ballot images. Under the Supremacy Clause, a state officer cannot deploy administrative mechanisms to bypass a federal criminal retention mandate. Furthermore, because the state judiciary has blocked private state enforcement under the pretext of exclusive DOJ authority, the Federal Defendants' complete refusal to act in the face of clear lawbreaking represents a flagrant violation of the Administrative Procedure Act.

2. Irreparable Harm: The state court has placed this dispute on an "Average" civil tracking track that sets a final resolution date for May 31, 2029. The federal election in which Plaintiff is running takes place in November 2026. Absent an immediate injunction from this Court, the 2026 digital ballot images will be auto-deleted as the election occurs. Once digital evidence is wiped, it is gone forever; no future legal victory in 2029 can reconstruct destroyed data.

3. Balance of Equities and Public Interest: The requested injunction imposes zero administrative burden on Defendant Galvin; it requires him simply to stop instructing local officials to alter the native, factory settings of the voting machines. The public interest is profoundly served by ensuring that federal election data is preserved so that electronic vote counts can be mathematically verified.

Plaintiff respectfully requests an expedited emergency hearing on this matter at the earliest convenience of the Court.

Dated: July 21, 2026

Respectfully submitted,

4

**Dr. Shiva Ayyadurai** *Petitioner, Pro Se*

701 Concord Avenue

Cambridge, MA 02138

E: vashiva.com@cytosolve.com

P: 855-324-6624