**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DR. SHIVA AYYADURAI,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WILLIAM FRANCIS GALVIN, Secretary of the Commonwealth of Massachusetts, et al.,**<br><br>**Defendants.** | **Civil Action No. 26-13329-BEM** |

**MEMORANDUM AND ORDER**
**ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**MURPHY, J.**

Plaintiff Dr. Shiva Ayyadurai ("Plaintiff") brings this action alleging that Massachusetts—pursuant to decisions made by Defendant William Francis Galvin, in his official capacity as Secretary of the Commonwealth of Massachusetts (the "Secretary")—is improperly "deleting" or "destroying" ballot images. Before the Court now is Plaintiff's motion for a preliminary injunction. For the reasons stated below, the Court will deny the motion.

## I. Factual and Procedural Background

Plaintiff is "an active Independent candidate for United States Senate" in the upcoming November 2026 election. Dkt. 1 ("Complaint" or "Compl.") ¶ 7. On April 17, 2026, Plaintiff filed a Petition for Writ of Mandamus in the Massachusetts Supreme Judicial Court for Suffolk County, seeking an order compelling the Secretary to "retain[] and preserv[e] all ballot images and related election records generated in connection with the 2026 United States Senate election in Massachusetts." Dkt. 17-2 at 2 (copy of state court petition). After the case was transferred to the

Suffolk County Superior Court on May 26, 2026, Plaintiff filed an "Emergency Motion for Preliminary Injunction." Dkt. 17-4 (copy of Plaintiff's state court motion). After a hearing, the court denied Plaintiff's motion. *See generally* Dkt. 17-5 (copy of state court order). On July 6, 2026, Plaintiff filed an Emergency Petition for Interlocutory Review and Relief in the Massachusetts Appeals Court. *See Ayyadurai v. Galvin*, No. 2026-J-0633, Dkt. 1 (Mass. App. Ct. July 6, 2026). On July 16, 2026, the Appeals Court denied Plaintiff's petition. *Ayyadurai v. Galvin*, No. 2026-J-0633 (Mass. App. Ct. July 16, 2026); *see also* Compl. ¶ 3.

On July 21, 2026, Plaintiff brought the present action against the Secretary, Todd Blanche, in his official capacity as Attorney General of the United States (the "AAG"),[1] and Harmeet K. Dhillon, in her official capacity as Assistant Attorney General for the Civil Rights Division (the "CRD AAG"), alleging that Massachusetts is improperly "deleting" or "destroying" ballot images and that the AAG and the CRD AAG failed to take action to remedy this alleged record-keeping violation. *See generally id.* He asserts claims under 42 U.S.C. § 1983 and the Administrative Procedure Act. *See id.* ¶¶ 11–17. The same day, Plaintiff moved for a preliminary injunction to require the Secretary to ensure that voting machines capture images of paper ballots. *See generally* Dkt. 2. On August 6, 2026, the Secretary opposed Plaintiff's motion. *See generally* Dkt. 17.

## II. Legal Standard

"[T]he issuance of preliminary injunctive relief is 'an extraordinary and drastic remedy that is never awarded as of right.'" *Howe v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT*, 440 F. Supp. 3d 99, 102 (D. Mass. 2020) (quoting *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8–9 (1st Cir. 2012)). "A plaintiff seeking a preliminary injunction must

[1] Attorney General Blanche was named in his then-capacity as Acting Attorney General, but was subsequently confirmed as Attorney General by the U.S. Senate on August 8, 2026.

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th 82, 85 (1st Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The movant's likelihood of success on the merits weighs most heavily in the preliminary injunction calculus." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "If the movant 'cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" *Id.* (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)).

"The court may accept as true 'well-pleaded allegations [in the complaint] and uncontroverted affidavits.'" *C&W Facility Servs. Inc. v. Mercado*, 2018 WL 4854630, at *2 (D. Mass. Oct. 5, 2018) (quoting *Rohm & Haas Elec. Materials, LLC v. Elec. Cirs. Supplies, Inc.*, 759 F. Supp. 2d 110, 114 n.2 (D. Mass. 2010)). "The Court may also rely on otherwise inadmissible evidence, including hearsay, in deciding a motion for preliminary injunction." *Bos. Taxi Owners Ass'n, Inc. v. City of Bos.*, 84 F. Supp. 3d 72, 78 (D. Mass. 2015) (citing *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)).

"[T]he fact that the plaintiff filed the complaint pro se militates in favor of a liberal reading [of his complaint]." *Rodi v. S. New Eng. Sch. of L.*, 389 F.3d 5, 13 (1st Cir. 2004); *see also Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000) (explaining that "courts hold pro se pleadings to less demanding standards than those drafted by lawyers"). However, "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## III. <u>Discussion</u>

The Secretary argues that the Court lacks jurisdiction over the claim against him under the *Rooker-Feldman* doctrine or should abstain from the exercise of jurisdiction under the *Colorado River* doctrine.[2] Dkt. 17 at 8–11.

### A. <u>The *Rooker-Feldman* Doctrine</u>

The *Rooker-Feldman* doctrine deprives lower federal courts of jurisdiction over cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. —, 146 S. Ct. 1739, 1748 (2026) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In those cases, *Rooker-Feldman* requires "dismiss[al] for want of subject-matter jurisdiction." *Exxon Mobil*, 544 U.S. at 284. This is one such case.

Plaintiff asks this Court to, in effect, overturn the judgment of the state court—a decision in which the Superior Court determined that Plaintiff "has no likelihood of success on its merits." Dkt. 17-5 at 9. Defendants argue that "the Superior Court Order operates, for all practical purposes, as a final decision regarding Plaintiff's claims, which will not be further addressed in advance of the November 2026 elections to which they are relevant." Dkt. 17 at 9. Based upon the Complaint, Plaintiff is in heated agreement. He alleges that his "state court remedies are completely exhausted" and that he has "no adequate remedy at law." Compl. ¶ 3. This case therefore mirrors other *Rooker-Feldman* cases, where Plaintiff "does not like the result reached in state court and 'repaired to federal court to undo the [state] judgment in [his] favor.'" *T.M.*, 146

[2] The *Rooker-Feldman* doctrine was created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). The *Colorado River* doctrine was created by the Supreme Court case *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

S. Ct. at 1748 (first alteration in original) (quoting *Exxon Mobil*, 544 U.S. at 293). Accordingly, the Court concludes that the *Rooker-Feldman* doctrine applies to Plaintiff's claim and therefore, he fails to demonstrate a likelihood of success required for a preliminary injunction.

### B. The *Colorado River* Doctrine

Even if *Rooker-Feldman* did not apply, the Court would decline to exercise jurisdiction over this claim pursuant to the *Colorado River* doctrine.[3] The *Colorado River* doctrine rests upon "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Thus, when a district court is made aware of a parallel, overlapping state proceeding, it may, in limited circumstances, exercise its discretion to discontinue the federal proceeding in deference to the state courts. *Rivera-Feliciano v. Acevedo-Vila*, 438 F.3d 50, 62 (1st Cir. 2006). The First Circuit has outlined relevant factors for district courts to consider when assessing abstention under *Colorado River*:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Rio Grande Cmty. Health Ctr, Inc. v. Rullan*, 397 F.3d 56, 71–72 (1st Cir. 2005).

The Court determines that the weight of these factors warrant abstention. As the Secretary concedes the first, second, or eighth factors are not relevant here. *See* Dkt. 17 at 10 n.3. That said,

---

[3] The Court recognizes that, given the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," and absent the "weightier considerations" that animate the other abstention doctrines, the circumstances permitting abstention under *Colorado River* for reasons of "wise judicial administration" are quite "limited" and indeed "exceptional." *Colorado River*, 424 U.S. at 818. This is once such exceptional case.

the seventh factor weighs heavily in favor of abstention, where, by Plaintiff's own allegations, this case was filed due to Plaintiff's dissatisfaction with the state court proceedings. *See* Compl. ¶ 3; Dkt. 2 at 2; *see also Cruz v. Melecio*, 204 F.3d 14, 24 (1st Cir. 2000) (explaining that where "appellants filed the present suit in an effort to detour around an unfavorable judgment of the commonwealth trial court, [their] attempted end run is highly relevant to the calculus of abstention"); *Rio Grande*, 397 F.3d at 72 (noting that where a federal action was "filed or pursued as a reaction to an adverse state court action," this factor "weighs heavily in favor of abstention"). In addition, the remaining factors favor abstention: there is a substantial risk created by piecemeal litigation (the third factor),[4] the state court proceedings were initiated prior to the filing of this federal case (the fourth factor), this litigation will require analysis and impact of Massachusetts law relating to the conduct of its elections (the fifth factor), and there is no reason to doubt the competency of the state court's adjudication (the sixth factor).[5] Having determined that it should abstain from hearing this claim under *Colorado River*, Plaintiff fails to demonstrate a likelihood of success on the merits necessary to obtain a preliminary injunction.

[4] This includes the risk of inconsistent orders on the same subject matter.

[5] *See Casa Marie, Inc. v. Super. Ct. of P.R. for the Dist. of Arecibo*, 988 F.2d 252, 262 (1st Cir. 1993) ("Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause . . . , are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." (footnote and citations omitted)).

## IV. Conclusion

Accordingly, the Court DENIES Plaintiff's motion for a preliminary injunction.[6] Because the Court lacks jurisdiction over Plaintiff's claims against the Secretary, Count I is also dismissed.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

Dated: August 18, 2026

[6] Plaintiff moved to file a reply brief on August 17, 2026, and provided a proposed reply along with that motion. Dkt. 18. The Court granted the motion the same day. Dkt. 19. In the proposed reply, Plaintiff also argues that the AG and CRD AAG have "waived opposition" by "defaulting" on the Court's deadline to oppose Plaintiff's motion for a preliminary judgment. Dkt. 18-1 at 3. But their failure to oppose is irrelevant because the relief requested in Plaintiff's preliminary injunction was specific to the Secretary. Compl. at 5 (requesting the Court "[e]nter a Temporary Restraining Order and Preliminary Injunction enjoining *Defendant Galvin* from configuring optical scan tabulators to disable image-saving capabilities." (emphasis added)).