**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SHIVA AYYADURAI,<br><br>Plaintiff,<br>v.<br><br>WILLIAM FRANCIS GALVIN, et al,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-13329-BEM |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Shiva Ayyadurai alleges that Attorney General Todd Blanche and Assistant Attorney General Harmeet Dhillon ("Defendants") failed to issue a "statewide preservation notice" to Massachusetts Secretary of State William Galvin requiring Galvin to preserve digital ballot images in the forthcoming November 2026 election. The Plaintiff's challenge to the Defendants' purported inaction under the Administrative Procedure Act ("APA") fails under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, the court lacks subject matter jurisdiction to hear the Plaintiff's claims because they concern actions "committed to agency discretion by law." *See* 5 U.S.C. § 701(a)(2). A federal agency's decision not to take an enforcement action is precisely the type of discretionary act which is shielded from judicial review pursuant to 5 U.S.C. § 701(a)(2). The APA's limited waiver of sovereign immunity does not apply to such claims. Additionally, the Plaintiff's complaint fails to identify a legally required agency action which was unlawfully withheld, and therefore fails to state a claim for relief under the APA. This Court should dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.

## II. BACKGROUND

The Plaintiff, a candidate for the United States Senate in Massachusetts in the November 2026 election, filed this lawsuit in July 2026 against Secretary of State Galvin, Attorney General Blanche, and Assistant Attorney General Dhillon. The Plaintiff alleges that Massachusetts "systematically configures its optical scan voting tabulators to disable image-saving capabilities, thereby intercepting and auto-deleting digital ballot images." Compl. ¶ 2. The Plaintiff asserts that this violates the 22-month federal election record retention requirements set forth at 52 U.S.C. § 20701. *Id.* Massachusetts denies deleting any ballot images, and asserts that such images are neither "created" nor "deleted" by its voting tabulation machines. Massachusetts further states that it maintains paper ballots as the official records of Massachusetts elections, and that it fully complies with federal election requirements. Dkt. 17 at 13-14.

On August 18, 2026, this Court denied the Plaintiff's motion for a preliminary injunction enjoining Secretary Galvin from disabling the "image-saving capabilities" on the vote tabulation machines. The Court also dismissed Count I of the complaint, finding the court lacked jurisdiction over the claims against Secretary Galvin.

The Plaintiff's remaining claim against Defendants Blanche and Dhillon is brought pursuant to the APA. *See* Compl. at Count II. Specifically, the Plaintiff claims that the Defendants were "put on direct, formal 48-hour notice" of the alleged "data destruction" via "written administrative demand on July 1, 2026." Compl. ¶ 4. The Plaintiff alleges that Defendants' "failure to issue a standard, statewide preservation notice to Defendant Galvin" constitutes "agency action unlawfully withheld" in violation of the APA. Compl. ¶ 17.

## III. LEGAL STANDARDS

"The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001). Under Rule 12(b)(1), the plaintiff bears the burden to show that the Court has subject-matter jurisdiction over his claims. See *Reyes-Colón v. United States*, 974 F.3d 56, 60 (1st Cir. 2020). As in a Rule 12(b)(6) analysis, the Court must "accept the well-pleaded facts alleged in the complaint as true and ask whether the plaintiff has stated a plausible claim that the court has subject matter jurisdiction." *Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir. 2021).

A court should dismiss claims under Rule 12(b)(6) when the underlying allegations fail "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true the "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 679. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## IV. ARGUMENT

### A. The Court should dismiss this case under Rule 12(b)(1) due to lack of subject-matter jurisdiction.

The Plaintiff's allegations against Attorney General Blanche and Assistant Attorney General Dhillon do not trigger the APA's limited waiver of sovereign immunity, because they challenge agency action that is "committed to agency discretion by law." *See* 5 U.S.C. §

701(a)(2). "[I]f Congress vests an agency with unfettered discretion in the implementation of a statute, a plaintiff's equitable claims remain barred by sovereign immunity." *Cowels v. FBI*, 327 F. Supp. 3d 242, 249 (D. Mass. 2018), *aff'd*, 936 F.3d 62 (1st Cir. 2019). The Supreme Court has long recognized that agency "refusals to take enforcement steps" are not subject to judicial review, as the "decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *Mass. Pub. Interest Reseach Grp* v. *U.S. Nuclear Regulatory Comm'n*, 852 F.2d 9, 19 (1st Cir. 1988). "[T]he Executive Branch has 'exclusive authority and absolute discretion' to decide which crimes to investigate and prosecute, including with respect to allegations of election crime." *Trump v. United States*, 603 U.S. 593, 620 (2024) (quoting from *United States v. Nixon*, 418 U.S. 683, 693 (1974)).

Here, the Plaintiff challenges the Department of Justice's failure to issue a "directive" to the Commonwealth of Massachusetts addressing alleged violations of federal election recordkeeping requirements. But it is fully within the discretion of the Department of Justice ("DOJ") whether to issue a such a directive or otherwise initiate any type of enforcement action in response to allegations of non-compliance with federal election law. The "decision not to institute enforcement proceedings" falls squarely within the exception for decisions committed to agency discretion. *Dept. of Commerce v. New York*, 588 U.S. 752, 772 (2019). It is not "mandatory for the Civil Rights Division to investigate every civil rights violation alleged." *Voth v. Holder*, 373 Fed. Appx. 78, 78 (D.C. Cir. 2010). Thus, DOJ's response (or lack thereof) to the Plaintiff's July 2026 letter flagging the issue of Massachusetts record preservation is not subject to APA review. After all, "the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the

agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing. The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." *Heckler*, 470 U.S. at 831-32. For those reasons, courts have dismissed APA challenges premised on lack of enforcement action by federal agencies. *See Isaacs v. U.S. Dep't of Educ.*, 2018 U.S. Dist. LEXIS 40026, at *12-13 (D. Mass. Mar. 12, 2018) (Department of Education's decision not to investigate alleged discrimination by a university hospital was discretionary); *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 70 (D.C. Cir. 2002) (FAA's decision to dismiss a complaint alleging that airline violated drug testing rules was not reviewable under the APA because it "was equivalent to a decision not to commence an enforcement action"); *de Feyter v. Fed. Aviation Admin.*, 2011 U.S. Dist. LEXIS 31784, at *12-13 (D.N.H. Mar. 25, 2011) (FAA's decision not to impose civil penalties was discretionary and non-reviewable).

This Plaintiff filed a prior lawsuit against the Attorney General during the 2024 election, seeking "injunctive relief . . . directing DOJ to ensure that the states do not deny him access to the ballot nationwide." That complaint was also dismissed for lack of subject matter jurisdiction. *See Ayyadurai v. Garland*, 2024 U.S. Dist. LEXIS 82724, at *9 (D. D.C. May 7, 2024) (noting that DOJ "is under no obligation to exercise any authority it may have for [plaintiff's] benefit"). This court should likewise dismiss the complaint here for lack of subject matter jurisdiction.

**B. The Court should also dismiss the case under Rule 12(b)(6) for failure to state a claim.**

The Plaintiff's complaint should be dismissed for the additional reason that it fails to state a claim for relief. The APA authorizes the courts to "compel agency action unlawfully withheld

or unreasonably delayed." 5 U.S.C. 706(1).[2] "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis original).

The relevant federal election laws do not require Defendants to take any discrete action here. An election official is required to "retain and preserve, for a period of twenty-two months from the date of any [Senate election] . . . all records and papers which come into his possession" related to voting in the election. 52 U.S.C. § 20701. The Plaintiff refers to this statute as a "non-discretionary federal statutory mandate." Compl., Prayer for Relief at ¶ B. But the Plaintiff confuses the issue of whether the statute creates mandatory obligations for *regulated entities* and whether it creates mandatory obligations for a *federal agency*. While it may be true that Section 20701 creates mandatory record preservation requirements for Massachusetts election officials, it does not follow that the same statutory provision creates non-discretionary requirements for Department of Justice officials. Indeed, the provision does not impose any obligations on federal officials, let alone require them to issue a "record preservation directive," which is the relief sought in the complaint. Accordingly, the complaint should be dismissed.

[2] While Plaintiff's complaint does not specify which provision of the APA he relies upon, his claim pertains to agency inaction and therefore falls under Section 706(1).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Hillary H. Harnett*
Hillary H. Harnett
Assistant United States Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
Tel: (617) 748-3252
Hillary.Harnett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Hillary H. Harnett*
Hillary H. Harnett
Assistant United States Attorney

Dated: October 29, 2026